UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| INDIANA FARM BUREAU INSURANCE, *as subrogee of* Taylor D. McDaniel and Danielle McDaniel,<br><br>    Plaintiff,<br><br>v.<br><br>POSITEC TOOL CORPORATION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Case No. 1:24-cv-00277-HAB-SLC<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Before the Court is a Notice of Removal filed by Defendant, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF 1). In the Notice, Defendant asserts that "Plaintiff's Complaint states it is domiciled in the State of Indiana and maintains a principal place of business in Indianapolis. . . . Accordingly, Plaintiff is a citizen of Indiana only." (*Id.* ¶ 6 (internal citation omitted)). But that information is insufficient to inform the Court of Plaintiff's citizenship for purposes of diversity jurisdiction because Plaintiff Indiana Farm Bureau Insurance filed this case "as subrogee" of Taylor D. McDaniel and Danielle McDaniel.

"Determining a party's citizenship for purposes of a subrogation claim requires determining whether the subrogation was total or partial." *Cincinnati Ins. Co. v. Greene*, No. 1:10-cv-370, 2012 WL 1802325, at *2 (S.D. Ind. May 17, 2012). If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest. *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366,

380-81 (1949) (citation omitted). "Total subrogation . . . results in focusing solely on the subrogee's citizenship for diversity purposes, while partial subrogation forces a look at both subrogee and subrogor . . . ." *Greene*, 2012 WL 1802325, at *2 (brackets and citation omitted) (alterations in original). As the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 613 (7th Cir. 2012).

Another matter requires attention. Plaintiff's corporate disclosure statement (ECF 7) is noncompliant with Federal Rule of Civil Procedure 7.1(a)(2), which requires that parties in a diversity action "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party . . . ," and with the Court's General Order 2023-06. As a corollary, Defendant has not filed its disclosure statement pursuant to Rule 7.1(a)(2) and General Order 2023-06. Therefore, the parties will each be directed to file a disclosure statement that complies with Rule 7.1(a)(2) and General Order 2023-06.

In conclusion, Defendant must clarify the interest of subrogors Taylor D. McDaniel and Danielle McDaniel in this action, and if it is a partial subrogation, advise the Court of the subrogors' citizenship. Defendant is ORDERED to file a supplemental jurisdictional statement setting forth this information on or before July 27, 2024. Further, the parties are each ORDERED to file a disclosure statement that is compliant with Rule 7.1(a)(2) and General Order 2023-06 on or before July 27, 2024.

SO ORDERED.

Entered this 22nd day of July 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge